Lee S. Brenner (SBN 180235)
Catherine D. Lee (SBN 258550)
KELLEY DRYE & WARREN, LLP
10100 Santa Monica Blvd.
Twenty-Third Floor
Los Angeles, CA 90067
Phone: (310) 712-6100
Facsimile: (310) 712-6100
Email: lbrenner@kelleydrye.com
       clee@kelleydrye.com

Stephen R. Freeland (*pro hac vice pending*)
KELLEY DRYE & WARREN, LLP
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
Phone: (202) 342-8400
Facsimile: (202) 342-8451
E-mail: sfreeland@kelleydrye.com

*Attorneys for Non-Party*
*Five9, Inc.*

FILED
NOV 06 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 15 80 266 MISC

| | |
|---|---|
| IN RE SUBPOENA ISSUED TO NON-PARTY FIVE9, INC. | Underlying Civil Action No.: 1:15-cv-00757 (N.D. Ill.)<br><br>**NON-PARTY FIVE9, INC.'S NOTICE OF MOTION AND MOTION FOR ENTRY OF PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: TBD<br>Time: TBD<br>Judge: TBD<br><br>*[Freeland Decl., Neumann Decl. and [Proposed] Protective Order filed concurrently herewith]* |

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

FAXED

1  **PLEASE TAKE NOTICE** that as soon as the undersigned counsel may be heard in the
2  United States District Court for the Northern District of California, non-party Five9, Inc. ("Five9")
3  will, and hereby does, move the Court for entry of the Protective Order attached hereto as Exhibit 1
4  to govern Five9's production of documents and information in response to a subpoena issued by
5  plaintiff Nicholas Martin ("Plaintiff") in *Martin v. Direct Wines, Inc.*, Civil Action No.: 1:15-cv-
6  00757, pending in the United States District Court for the Northern District of Illinois ("the
7  Underlying Action").

8  Good cause exists to grant this motion. Non-party Five9 resides in the Northern District of
9  California, and is required to respond to a subpoena seeking production of its confidential
10 information in connection with Plaintiff's putative class action complaint. Five9's compliance with
11 the subpoena is to occur in the Northern District of California. Pursuant to Rule 45(d)(3) of the
12 Federal Rules of Civil Procedure, "[t]he court for the district where compliance is required" is
13 authorized to enter the protective order sought herein. In addition, the defendants in the Underlying
14 Action have stipulated to the relief sought herein, and have no objection to the protective order
15 being entered by this Court. *See* Notice of Intent to be Bound by Protective Order, filed
16 concurrently herewith.

17 This Motion is made pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure
18 and Civil L. R. 79-5, and is based on this Notice of Motion and Motion, the supporting
19 Memorandum of Points and Authorities below, the declarations filed in support hereof, oral
20 argument of counsel, if any, and any other matter which may be submitted at the hearing.

21 Pursuant to Civil L.R. 37-1, non-party Five9 and Plaintiff met and conferred on September
22 10, 2015 and October 12, 2015 and were able to agree to the substantive provisions of the proposed
23 Protective Order that is the subject of this Motion.

24 Nevertheless, Plaintiff does not agree to the order being entered in this Court, despite Rule
25 45's mandate that this Court– as the "district where compliance is required" – is the proper venue
26 for it.

27 / / /

28

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

## CONCISE STATEMENT OF RELIEF REQUESTED

The subpoena in the Underlying Action requests that non-party Five9 produce documents that contain confidential trade secret and other proprietary business information including, but not limited to, documents showing the internal functionality of one of Five9's products. Subject to its objections, Five9 has agreed to produce documents responsive to the subpoena. To protect the confidentiality of Five9's trade secret and other proprietary business information requested by the subpoena, Five9 respectfully requests that the Court enter the proposed Protective Order attached hereto as Exhibit 1, the terms of which are materially the same as this Court's model "Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets" ("Model Order") and, save for venue, are substantively agreed to by Plaintiff and Five9. The defendants in the Underlying Action agree to be bound by Five9's proposed Protective Order if entered by this Court and agree that this Court is the proper venue for it.

Alternatively, if the Court is not inclined to enter Five9's proposed Protective Order, Five9 has no objection to the use of the Northern District of California's Model Order, modified as necessary to govern a non-party's (like Five9's) response to a subpoena.

Dated: November 6, 2015

KELLEY DRYE & WARREN, LLP
Lee S. Brenner
Catherine D. Lee
Stephen R. Freeland

By _____
Lee S. Brenner
*Attorneys for Non-Party Five9, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND SUMMARY OF PERTINENT FACTS

Non-party Five9 is a software firm that provides a range of technology solutions to companies in a variety of industries that use call centers within their business. Declaration of Chuck Neumann in Support of Non-Party Five9, Inc.'s Motion for Entry of Protective Order ("Neumann Decl.") ¶ 2, filed concurrently herewith. Five9 is headquartered in this District at 4000 Executive Parkway, Suite 400, San Ramon, California, 94853. *Id.* ¶ 3.

The Underlying Action is a putative class action filed by Plaintiff against Direct Wines, Inc. ("Direct Wines") and American Customer Care, Inc. ("ACC") that purports to allege violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Second Amended Complaint in Underlying Action ¶ 1, attached as Ex. "A" to the Declaration of Stephen R. Freeland in Support of Non-Party Five9, Inc.'s Motion for Entry of Protective Order ("Freeland Decl."), filed currently herewith.

According to Plaintiff's Second Amended Complaint, he is a member of a wine subscription known as WSJ Wines, which is operated by defendants Direct Wines and ACC. *Id.* ¶¶ 5, 7, 9. Plaintiff alleges that ACC called his cell phone without his prior written consent on two (2) occasions on behalf of Direct Wines in order to market wine in addition to that he was already receiving as part of his WSJ Wines subscription. *Id.* ¶¶ 8, 10-16. He alleges that these two (2) calls were made using a dialing software solution known as "Manual Touch Mode," which defendant ACC purchased and licensed from non-party Five9. *Id.* ¶ 18; Neumann Decl. ¶ 4. Plaintiff contends that Manual Touch Mode is an automatic telephone dialing system ("ATDS") (Second Amended Complaint in Underlying Action (Freeland Decl. Ex. "A") ¶ 19)[1] and that Direct Wines and ACC violated the TCPA by using it to place the two (2) calls to his cell phone without his prior written consent. *See id.* ¶¶ 40-41.

---

[1] Notwithstanding Plaintiff's allegation to the contrary, the Manual Touch Mode dialer software solution is not an ATDS.

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

On March 27, 2015, Plaintiff served non-party Five9 with the subpoena. *See* Subpoena, (Freeland Decl. Ex. "B."). The subpoena requests, *inter alia*, production of call detail records ("CDRs") for calls made by ACC on behalf of its "client," Direct Wines. *See id.* at Schedule "A," Request No. 1. Five9 maintains CDR information as confidential information, especially given that it includes personally identifiable information of individuals that were called. Neumann Decl. ¶¶ 5-6.

The subpoena also requests that Five9 produce "[a]ll documents that concern" Five9's Manual Touch Mode dialing offering (*see* Subpoena (Freeland Decl. Ex. "B."), at Schedule "A," Request No. 2), which includes highly confidential and proprietary trade secret information concerning the offering's design and functionality. Neumann Decl. ¶ 7. This information, if publicly disclosed, may result in Five9 suffering significant and irreparable competitive harm. *Id.*

Discovery in the Underlying Action was stayed until August 12, 2015. *See* August 12, 2015 Notification of Docket Entry in the Underlying Action (Freeland Decl. Ex. "C"). After the stay was lifted, Plaintiff and Five9 met and conferred to discuss Five9's response to the subpoena as well as the need for a protective order to adequately protect Five9's confidential and proprietary information requested by the subpoena. *See* August 18-19, 2015 E-mail Correspondence between S. Freeland and A. Burke (Freeland Decl. Ex. "D"). Five9 and Plaintiff agreed that Five9 would have until October 2, 2015 to serve its written objections to the subpoena as well as produce responsive documents but if and only if there was an entered protective order that was acceptable to Five9. *See id.*

Five9 served its written objections to the subpoena on October 2, 2015 (*see* Freeland Decl. Ex. "E") and also indicated that, subject to its objections, it would be producing responsive documents after an acceptable protective order was entered by this Court. *See* October 2, 2015 Letter from S. Freeland to A. Burke (Freeland Decl. Ex. "F").

Non-party Five9 and Plaintiff exchanged drafts of a protective order and were subsequently able to agree on all of the substantive provisions of the protective order attached hereto as Exhibit 1. Freeland Decl. ¶ 8. Specifically, during a telephonic meet and confer on October 12, 2015,

counsel for Plaintiff and counsel for Five9 agreed that the only dispute remaining over the proposed protective order was venue. *Id.* Nonparty Five9 is headquartered in San Ramon, California (Neumann Decl. ¶ 3), and the place of compliance is in the Northern District of California. Nevertheless, Plaintiff stated that he would not agree to the entry of the protective order in this Court, that Five9's choice to proceed in this Court was a "deal breaker" for his client, and that he would not stipulate to its entry in this Court. Freeland Decl. ¶ 8. Instead, and apparently based on the convenience for Plaintiff's counsel, Plaintiff contends that Five9 should be required to proceed with a protective order in the Underlying Action in Illinois. At the conclusion of the October 12 call, Plaintiff's counsel indicated that he had a busy schedule and, in response, counsel for Five9 indicated that it would be flexible in working with him on a briefing schedule for the instant Motion. Freeland Decl. ¶ 9.

After the October 12 call, counsel for Five9 made minor revisions to the Protective Order substantively agreed-to by the parties. *See* Freeland Decl. ¶¶ 10, 11. Five9 also asked Plaintiff's counsel to provide a proposed briefing schedule, again indicating that Five9 was happy to work with him on a schedule that worked for him and Five9. October 16, 2015 E-mail from S. Freeland to A. Burke (Freeland Decl. Ex. "G"). Instead of responding to this e-mail with a proposed briefing schedule as discussed during the October 12 call, Plaintiff's counsel filed a motion for protective order in the Underlying Action and, after it was granted, continued to insist that Five9 proceed in the Underlying Action. *See* October 29, 2015 E-mail from A. Burke to S. Freeland (Freeland Decl. Ex. "H"). Non-party Five9 responded by indicating that, as a matter of professional courtesy, it was waiting to hear back from Plaintiff's counsel on a proposed briefing schedule prior to filing the instant Motion. November 2, 2015 E-mail from S. Freeland to A. Burke (Freeland Decl. Ex. "H"). Five9 indicated further that it failed to understand why Plaintiff would not agree to the protective order being entered in this Court given that any dispute over the subpoena will need to be resolved here. *Id.*

The defendants in the Underlying Action have both agreed to be bound by Five9's proposed Protective Order if the Court grants this Motion. Notice of Intent to Be Bound by Protective Order,

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

3

filed concurrently herewith. Further, the defendants in the Underlying Action agree that, under Rule 45(d)(3), this Court is the proper venue for entry of Five9's proposed Protective Order, and do not object to its entry by this Court. *Id.*

There can be no reasonable dispute that the Court is authorized and should enter the protective order at issue herein to protect the interests of Five9, a local, non-party. This is especially so given that over the past two years, Five9 has received at least sixty (60) non-party subpoenas from various governmental entities and private litigants issued out of a variety of venues from across the country. Neumann Decl. ¶ 8. Five9 has suffered and continues to suffer disruption to its business and also incurs expense in responding to these subpoenas and producing responsive documents and information. Neumann Decl. ¶ 9. Forcing Five9 to litigate subpoena battles in multiple courts across the country would cause Five9 to suffer additional undue burden and expense.

## II.

## ARGUMENT

"'[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Intermarine, LLC v. Spliethoff Bevrachtingskantoor*, Civ. No. 15-MC-80211-MEJ, 2015 U.S. Dist. LEXIS 112689, at *9 (N.D. Cal. Aug. 20, 2015) (quoting *High Tech. Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)). Rules 45 and 26 of the Federal Rules of Civil Procedure provide the Court with the power to enter orders that limit the disclosure of a non-party's trade secret and other confidential and proprietary information when it is subpoenaed in a lawsuit. Specifically, Rule 45(d)(3)(B)(i) provides, in relevant part, as follows: "To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information . . . ." FED. R CIV. P. 45 (d)(3)(B)(i).

Rule 26(c)(1), in turn, provides that:

> [t]he court may, for good cause, issue an order to protect a ... person from annoyance, embarrassment, oppression, or undue burden or

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

> expense including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

FED. R CIV. P. 26(c)(1)(G).

In this case, Five9 is ***not*** asking the Court to quash Plaintiff's subpoena entirely. In fact, Five9 agrees that some of the information requested in the subpoena may be discoverable in the Underlying Action and, for that reason, has agreed to produce responsive documents.

What Five9 *is* seeking in this Motion is entry of a protective order – substantively agreed-to by Five9, Plaintiff and the defendants in the Underlying Action – that will limit the disclosure of the confidential and highly confidential information that it has agreed to produce in response to the subpoena. Indeed, as is evident from the Court's adoption of a Model Order, such orders are routine in cases like this one where a party or non-party is called upon to disclose trade secret and other confidential and proprietary information. Five9 respectfully submits that, as a non-party to the Underlying Action, it is entitled to the simple protection it seeks herein.

Nevertheless, Plaintiff contends that Five9 should be required to proceed with a protective order in the Underlying Action in Chicago – over 2,100 miles away from where Five9 is headquartered. Plaintiff's argument is contrary to Rule 45(d)(3)(B)'s requirement that this Court, as the "district where compliance is required," is the proper venue for Five9's Motion and entry of a protective order to govern its subpoena response. This is confirmed by the Advisory Committee Notes to Rule 45. *See* 2013 Advisory Committee Notes to Rule 45(f) (under Rule 45(d)(3), "subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)."); *see also id.* ("[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rule 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c).").

As the number of TCPA investigations and litigations have grown, so have the number of non-party subpoenas served on Five9. Indeed, over the past two (2) years, Five9 has received over sixty (60) non-party subpoenas issued by various governmental regulators and private litigants from venues all across the country (Neumann Decl. ¶ 8), including one served on it a little over three (3) weeks ago involving allegations similar to those in the Underlying Action. *See* Complaint in

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

1  *Brown v. Edutrek, L.L.C., Civ.* No. 2:15-cv-07814-MWF (JPR) (C.D. Cal.) ("the *Brown* Action")
2  (Freeland Decl. Ex. "I") ¶¶ 1-9 ; October 12, 2015 Subpoena served on Non-party Five9 in the
3  *Brown* Action (Freeland Decl. Ex. "J"). Acknowledging the undue burden that Five9 would suffer
4  in being forced to litigate any dispute over the subpoena in the issuing court, counsel for the issuing
5  party in *Brown* agreed that any dispute over the subpoena would be litigated in this Court. *See*
6  October 22, 2015 letter from S. Freeland to counsel for the plaintiff in the *Brown* Action (Freeland
7  Decl. Ex. "K").

8      Further, Five9 recently received a non-party subpoena in a non-TCPA case issued out of the
9  Central District of California. *See* Freeland Decl. ¶ 17; Freeland Decl. Ex. "L." Five9 served its
10 objections to this subpoena on October 30, 2015, which include an objection to producing any
11 responsive information prior to a protective order being entered in this Court. *See* Non-Party Five9,
12 Inc.'s Objections to Plaintiff G and C Swan, Inc.'s Subpoena *Duces Tecum* at General Objection
13 "K"(Freeland Decl. Ex. "M").

14     As stated above, Five9 already suffers business disruption and incurs expense in responding
15 to subpoenas and other requests for information. Neumann Decl. ¶ 9. Five9 should not be required
16 to suffer the additional undue burden of litigating subpoena-related motions and disputes all over
17 the country in each of the issuing courts. Indeed, the entire purpose of Rule 45's requirement that
18 such disputes be resolved in this Court is to prevent such undue burden. Given that the defendants
19 in the Underlying Action agree that this Court is the proper forum for any discovery dispute
20 involving non-Party Five9 and further agree to be bound by Five9's proposed Protective Order if it
21 is granted, Plaintiff's argument should be rejected and Five9's Motion granted.
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

6

## III.

## CONCLUSION

For the foregoing reasons, non-party Five9 respectfully requests that its Motion be granted and that the proposed Protective Order be entered by the Court.

Dated: November 6, 2015

KELLEY DRYE & WARREN, LLP
Lee S. Brenner
Catherine D. Lee
Stephen R. Freeland

By: _____
Lee S. Brenner
*Attorneys for Non-Party Five9, Inc.*

NON-PARTY FIVE9, INC.'S MOTION FOR ENTRY OF PROTECTIVE ORDER

7